## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NATIONAL ASSOCIATION OF BROADCASTERS, <br><br> Petitioner, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, <br><br> Respondents. | No. 14-1154 |
| SINCLAIR BROADCAST GROUP, INC., <br><br> Petitioner, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, <br><br> Respondents. | No. 14-1179 |

## JOINT PROPOSAL ON BRIEFING SCHEDULE AND FORMATS

Pursuant to this Court's September 19, 2014 Order, the National Association

of Broadcasters ("NAB"), Sinclair Broadcast Group, Inc. ("Sinclair"), the Federal

Communications Commission (the "Commission"), and the United States of

America hereby present their joint proposal for a briefing schedule.  NAB and Sinclair also present a proposal for briefing formats in these consolidated cases, on which, as discussed below, the Commission and the United States take no position.

The parties propose as follows:

| | |
|---|---|
| Principal Brief for NAB (not to exceed 14,000 words) | 10/31/14 |
| Principal Brief for Sinclair (not to exceed 10,000 words) | 10/31/14 |
| Brief for Intervenors in Support of Petitioners (if any) (not to exceed 8,750 words) | 11/07/14 |
| Brief for Respondents (not to exceed 14,000 or an appropriate expansion thereof) | 12/09/14 |
| Briefs for Intervenors in Support of Respondents (if any) (not to exceed 8,750 or an appropriate expansion thereof, *see infra* at 10) | 12/18/14 |
| Reply Brief for NAB (not to exceed 7,000 words or an appropriate expansion thereof) Reply Brief for Sinclair (not to exceed 5,000 words or an appropriate expansion thereof) | 01/13/15 |
| Deferred Appendix | 01/15/15 |

| Final Briefs | 01/20/15 |
|---|---|

All parties are in agreement with this proposal for a briefing schedule. The Commission and the United States take no position on petitioners' requests to file separate briefs that will total more than the standard word limits for principal and reply briefs filed by a single party. In the event that the Court grants in whole or in part petitioners' request for expanded word limits for their briefs, the Commission and the United States request that they be provided an appropriate expansion for their respondents' brief.

Petitioners respectfully submit that the following detailed justifications provide ample support for entering this joint proposal in these consolidated cases.

### Petitioners' Separate Principal Briefs And Reply Briefs

Good cause exists for allowing the two petitioners—NAB and Sinclair—to present their respective arguments in separate, non-overlapping principal briefs and reply briefs. These consolidated cases seek review of various aspects of a nearly 500-page Commission order setting forth complex rules and procedures for conducting an unprecedented incentive auction of broadcast television spectrum. *See Expanding the Economic and Innovative Opportunities of Spectrum Through Incentive Auctions*, Report and Order, GN Dkt. No. 12-268 (rel. June 2, 2014). Although the same order is at issue in both cases, NAB and Sinclair are briefing sepa-

rate aspects of that order and will present distinct issues and arguments in their re-spective briefs. Given the breadth and scope of the order and the unique nature of petitioners' respective challenges, there is no danger of petitioners presenting the Court with repetitious submissions in this case.

Under this proposal, NAB would file a principal brief of no more than 14,000 words addressing the issues identified in NAB's Petition for Review and outlined in its August 27, 2014 Emergency Motion for Expedited Consideration, which this Court granted on September 5, 2014. In particular, NAB's principal brief would argue that the Commission's order violates Title VI of the Middle Class Tax Relief and Job Creation Act of 2012, Pub. L. 112-96, 126 Stat. 156, 201 (the "Spectrum Act"), by: (1) revising the "methodology described in OET Bulle-tin 69"; (2) failing to preserve "coverage area" and "population served" for each broadcast television licensee; and (3) disregarding the fill-in translators that estab-lish the "coverage area and population served" for many broadcast television licen-sees. 47 U.S.C. § 1452(b)(2). In addition, NAB would argue that the Commission violated procedural requirements under the Administrative Procedure Act ("APA") by: (1) failing to consider reasonable alternatives to the procedures adopted by the order; (2) failing to provide a reasoned explanation for the Commission's failure to preserve coverage area in unpopulated areas; and (3) failing to comply with the APA's notice requirements. NAB also would file a reply brief of no more than

4

7,000 words limited to rebutting the Commission's arguments as they relate only to NAB's issues.

Sinclair will join NAB's brief inasmuch as the issues identified by NAB impact all broadcasters, including Sinclair. But Sinclair also seeks to file a separate principal brief of no more than 10,000 words to address two critical and distinct issues that NAB will not be presenting. In particular, Sinclair's principal brief would argue that the Commission's order violates Title VI of the Spectrum Act by: (1) failing to comply with the general limitations on incentive auctions, 47 U.S.C. § 309(j)(8)(G); and (2) requiring all displaced licensees to cease operations on their pre-auction channels within 39 months of the auction, even if they have been unable to construct or are unable to operate replacement facilities specified in their modified licenses, *id.* §§ 1452(b)(2) and 1452(f)(3). In addition, Sinclair would argue that the Commission violated the APA by: (1) failing to adopt incentive auction limits in compliance with the plain language of Section 6402 of the Spectrum Act; (2) failing to provide a reasoned explanation supported by substantial evidence that station's "coverage area" and "population served" would be preserved by requiring stations to cease operations on their pre-auction channels 39 months after the close of the auction; and (3) adopting an arbitrary and capricious 39 month post-auction transition period that is unsupported by the record. Sinclair also would file a reply brief of no more than 5,000 words limited to rebutting the

Commission's arguments as they relate only to Sinclair's issues.   Sinclair has

agreed to the briefing schedule proposed in this joint submission on the condition

that it be permitted to file separate briefs and submits that it would require addi-

tional time for the opening brief if it were required to file jointly with NAB.

NAB and Sinclair note that, as of the date of this proposal, there are four

proposed intervenors in support of respondents in this consolidated action. *See*

CTIA—The Wireless Association® Motion for Leave to Intervene in Support of

Respondents, No. 14-1154 (Oct. 2, 2014); Expanding Opportunities for Broadcast-

ers Coalition Motion for Leave to Intervene in Support of Respondents, No. 14-

1179 (Oct. 1, 2014); Consumer Electronics Association's Motion for Leave to In-

tervene in Support of Respondents, No. 14-1179 (Sept. 29, 2014); Competitive

Carriers Association's Motion for Leave to Intervene in Support of Respondents,

No. 11-1154 (Sept. 17, 2014).   If the Court should grant the motions for leave to

intervene in support of respondents, a sufficient word allotment would be needed

for NAB and Sinclair to address and respond to the points raised by those interve-

nors.

This Court has allowed petitioners to present separate briefs in similar cir-

cumstances involving complex, non-overlapping issues like those presented here.

*See*, *e.g.*, Order, *Verizon v. FCC*, No. 11-1355 (D.C. Cir. May 25, 2012) (allowing

three different petitioners to each file separate briefs, with a combined allotment of

24,000 words); Order, *EME Homer City v. EPA*, No. 11-1302 (D.C. Cir. Jan. 18, 2012) (allowing two petitioners to each file separate briefs, with a combined allotment of up to 28,000 words). Accordingly, the parties submit that NAB and Sinclair should be allowed to file separate, non-overlapping principal briefs and reply briefs.

### Word Allotments For Petitioners' Respective Briefs

NAB respectfully requests that it be permitted to file a principal brief of no more than 14,000 words, and a reply brief of no more than 7,000 words. As noted, NAB intends to raise several issues arising under the Spectrum Act and the Administrative Procedure Act. Those issues are vitally important to NAB's members, and a sufficient word allotment is essential in presenting them fully and in a manner that is helpful for the panel. Allowing NAB its full word allotment therefore would be in the interest of the Court as well as both petitioners. NAB anticipates requiring approximately an equal number of words for its background discussion, arguments under the Spectrum Act, and arguments under the APA.

In addition, it would be inequitable to reduce NAB's word allotment at this time, after NAB promptly commenced this action and secured an expedited briefing schedule. Under that schedule, NAB was entitled to file a standard, 14,000-word principal brief by October 6. NAB's principal brief was substantially drafted when this Court consolidated the cases and vacated the briefing schedule on Sep-

7

tember 19.  Compelling NAB to file a shortened brief, or to file a consolidated brief with Sinclair, would frustrate NAB's reliance on the previous expedited briefing schedule and substantially undermine the work NAB has done to date.

Sinclair respectfully requests that it be permitted to submit a separate principal brief of no more than 10,000 words, and a separate reply brief of no more than 5,000 words, each of which would be focused exclusively on its separate issues.  Permitting Sinclair to submit a separate principal brief will not only be equitable to NAB, but it will also be helpful to the panel, as Sinclair will address two critical issues that otherwise would not be presented.  Sinclair is the largest commercial television broadcaster in the United States and, on information and belief, owns and operates the greatest number of stations across the country that are expected to be displaced and repacked.  Once Sinclair determined that NAB would not address the two issues that it plans to present, it moved quickly to file its Petition for Review, and did so well in advance of the statutory deadline.  In recognition of the interests of all parties in a speedy resolution of this appeal, Sinclair has consented to an accelerated briefing schedule.

Moreover, petitioners will cooperate to ensure that their briefing is efficient and non-duplicative.  NAB's principal brief will set forth the relevant background and history of these proceedings relevant to both petitioners' claims, enabling Sinclair's principal brief to avoid repetition.  Indeed, significant efficiencies will be

8

achieved by allowing NAB its full word allotment because Sinclair will be able to focus exclusively on presenting its separate challenges. Sinclair anticipates requiring approximately an equal number of words for its arguments under the Spectrum Act and under the APA.

### Filing Deadlines and Standby Pool for Oral Argument

The parties agree that these cases should remain on an expedited schedule for briefing and argument.  Accordingly, the parties are proposing filing dates that reflect a brief and reasonable extension of the dates specified in the Court's September 5 Order in No. 14-1154.  This proposed expedited schedule would allow for briefing to be completed by mid-January, so that the cases can be argued and decided as early as possible ahead of the incentive auction, which the FCC hopes to complete by mid-2015.  To facilitate this goal, subject to approval of the proposed briefing schedule and limits for petitioners, all parties also agree to enter the Court's stipulated stand-by pool for oral argument.

### Intervenors' Briefs

As noted above, there are now four proposed intervenors on behalf of Respondents in this consolidated action: CTIA-The Wireless Association® ("CTIA"), Expanding Opportunities for Broadcasters Coalition ("EOBC"), Consumer Electronics Association ("CEA") and Competitive Carriers Association ("CCA"). Each of their motions for leave to intervene remains pending before the Court.  The

parties are authorized to state that, in the event that this Court grants one or more

motions, intervenors propose the following:

> Intervenors respectfully request that, consistent with the Court's practice in
> other cases, if the Court allots more than 14,000 words in total to the two pe-
> titioners, that the Court proportionally increase the total number of words al-
> lotted to intervenors from the normal limit of 8,750 words.[*]  For example, if
> the Court allots a total of 21,000 words to the two petitioners combined (a 50
> percent increase), intervenors request that their allotment increase propor-
> tionally to 13,125 words (a 50 percent increase).
>
> In addition, intervenors request that the Court permit them to split their allot-
> ted words into two briefs:  a joint brief by CEA, CCA, and CTIA, and a sep-
> arate brief by EOBC.  The broadcaster members of EOBC—which seek to
> sell their broadcast spectrum in the reverse auction—have interests that are
> fundamentally different from the interests of the members of CEA, CCA,
> and CTIA, which either seek to purchase in the forward auction the spectrum
> that is sold in the reverse auction or sell equipment that is used in conjunc-
> tion with the wireless services that CCA and CTIA members offer.  In addi-
> tion, unlike CEA, CCA, and CTIA, which seek to be intervenors in both
> consolidated petitions for review, EOBC seeks to limit its intervention to
> *Sinclair Broadcast Group, Inc. v. FCC*, No. 14-1179.  Permitting EOBC to
> file a separate brief will enable all of the intervenors adequately to represent
> their interests and provide the most efficient briefing to the Court.  Interve-
> nors therefore request that EOBC be permitted to file a brief of no more than
> 2,175 words, with the remaining words allocated to intervenors available for
> the joint brief of CEA, CCA, and CTIA.  Thus, the request for separate
> briefing will not increase the total number of words allocated to intervenors
> in support of respondents.

---

[*]  *See*, *e.g.*, Order, *Illinois Pub. Telecomms. Ass'n v. FCC*, No. 13-1059 (D.C. Cir.
July 9, 2013) (authorizing 16,250 words for opening briefs from petitioners and
respondents (a 16 percent increase), 10,150 words for intervenors in support of
respondents (a 16 percent increase), and 8,150 words for petitioners' reply (a 16
percent increase)).

10

The Commission and the United States have no objection to this proposal. NAB and Sinclair submit that, because the Commission and the United States have requested an extension of respondents' brief, an extension of the combined word limit for any intervenors' briefs is unwarranted. If the Court were to grant such an extension, however, NAB and Sinclair submit that they should be granted corresponding extensions for their reply briefs.

Dated: October 3, 2014                 Respectfully submitted,


                                        /s/ Miguel A. Estrada
                                        Miguel A. Estrada
                                        Scott P. Martin
                                        Lucas C. Townsend
                                        Ashley S. Boizelle
                                        GIBSON, DUNN & CRUTCHER LLP
                                        1050 Connecticut Ave., N.W.
                                        Washington, D.C.  20036
                                        Telephone: (202) 955-8500
                                        Facsimile: (202) 467-0539

                                        *Attorneys for Petitioner National*
                                        *Association of Broadcasters*

11

  /s/ John K. Hane, III (with permission)
Thomas G. Allen
John K. Hane, III
Clifford M. Harrington
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C.  20037-1122
Telephone: (202) 663-8000
Facsimile: (202) 663-8007

*Counsel for Sinclair Broadcast Group, Inc.*

  /s/ C. Grey Pash, Jr. (with permission)
C. Grey Pash, Jr.
Richard K. Welch
Jacob M. Lewis
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C.  20554
Telephone: (202) 418-1720
Facsimile: (202) 418-2822

*Counsel for Federal Communications
Commission*

  /s/ Robert J. Wiggers (with permission)
Robert B. Nicholson
Robert J. Wiggers
U.S. Department of Justice
Antitrust Division, Room 3224
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001
Telephone: (202) 514-2413

*Counsel for United States of America*

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of October, 2014, I caused the foregoing to be filed with the Clerk of the United States Court of Appeals for the D.C. Circuit using the appellate CM/ECF system.  Service was accomplished on the following persons by the appellate CM/ECF system:

Richard K. Welch
Jacob M. Lewis
C. Grey Pash, Jr.
Federal Communications Commission
445 12th Street, S.W.
Washington, D.C.  20554

*Counsel for Federal Communications Commission*

Robert B. Nicholson
Robert J. Wiggers
U.S. Department of Justice
Antitrust Division, Room 3224
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001

*Counsel for United States of America*

Dominic F. Perella
Hogan Lovells US LLP
Columbia Square
555 13th Street, N.W.
Washington, D.C.  20004

*Counsel for Competitive Carriers Association*

Thomas G. Allen
John K. Hane, III
Clifford M. Harrington
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, D.C.  20037-1122

*Counsel for Sinclair Broadcast Group, Inc.*

Catherine E. Stetson
Elizabeth Austin Bonner
Hogan Lovells US LLP
555 13th Street, N.W.
Washington, D.C.  20004

*Counsel for Consumer Electronics Association*

Preston R. Padden
Expanding Opportunities for
 Broadcasters Coalition
1301 Canyon Boulevard, No. 306
Boulder, CO  80302

*Counsel for Expanding Opportunities for Broadcasters Coalition*

Michael K. Kellogg
Scott H. Angstreich
Kellogg, Huber, Hansen, Todd,
  Evans & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C.  20036

*Counsel for CTIA – The Wireless
Association*®

October 3, 2014                         /s/ Miguel A. Estrada
                                        Miguel A. Estrada